JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ASHMAN and ELISA TARRANT,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>BRISTOL HOSPICE – CALIFORNIA, L.L.C., and DOES 1-30,<br><br>　　　　　Defendants. | Case No. 5:24-cv-02652-SRM-SHK<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO REMAND TO SUPERIOR COURT AND FOR REASONABLE ATTORNEY'S FEES AND COSTS [12] [19]** |

On December 16, 2024, Defendant Bristol Hospice – California, LLC ("Defendant" or "Bristol Hospice") removed this action from the Superior Court of California, Riverside County. *See* Dkt. 1. Before the Court is a Motion to Remand to Superior Court and Request for Reasonable Attorney's Fees and Costs ("Motion") filed by Plaintiffs Robert Ashman and Elisa Tarrant ("Plaintiffs"). Dkt. 12 ("Mot.").[1] For the reasons explained below, the Court **GRANTS IN PART** Plaintiffs' Motion.

---

[1] As explained in more detailed below, the parties re-noticed their respective Motion, Opposition, and Reply after this case was transferred. *See* Dkts. 19-20, 22. The Court's electronic filing system stamped the re-noticed papers over the initial filings, which rendered the page numbers illegible. *See id*. For clarity and ease of reference, the Court cites to the parties' respective initial Motion, Opposition, and Reply. *See* Dkts. 12-14.

## I. Background

On October 11, 2024, Plaintiffs Robert Ashman and Elisa Tarrant filed suit against Defendant Bristol Hospice in Riverside County Superior Court raising several California state law claims. *See generally* Dkt. 1-1 ("Complaint"). Counsel for Defendant agreed to accept service of the Complaint and execute a Notice and Acknowledgement of Receipt ("NAR"). Dkt. 12-1 ("Akhaveissy Decl.") ¶3; Dkt. 12-2, Ex. A at 2.[2] On October 24, 2024, Plaintiffs served Defendant's counsel via email the Summons, Complaint, NAR, Civil Case Cover Sheet, Certificate of Counsel, Notice of Department Assignment, and Notice of Case Management Conference on Defendant's counsel. *Id*. On November 13, 2024, Defendant's counsel returned the signed NAR form and proof of service to Plaintiffs. Akhaveissy Decl. ¶4; Dkt. 12-2, Ex. B at 25-27.

On December 13, 2024—thirty days after Defendant's counsel returned a signed copy of the NAR to Plaintiffs' counsel—Defendant Bristol Hospice filed an Answer to Plaintiffs' Complaint in Riverside County Superior Court. Akhaveissy Decl. ¶5; Dkt. 12-2, Ex. C at 29-36. Defendant did not file a notice of removal to federal court. Akhaveissy Decl. ¶5. Two days later, on Sunday, December 15, 2024, Defendant's counsel emailed Plaintiffs' counsel regarding stipulating to waiving the deadline for removal. Dkt. 12-2, Ex. D at 45-46. According to Defendant's counsel, due to an "inadvertent calendaring error[,]" Defendant's counsel calculated the deadline for removal as December 16, 2024, but the correct deadline was December 13, 2024—thirty days from the date Defendant's returned the NAR. *Id*. Plaintiffs' counsel responded that they did not waive the procedural removal defect and that there was "no objectively reasonable basis to remove at this point" because Defendant Bristol Hospice had timely filed its answer in the Superior Court, which had the identical filing deadline as a removal. *Id*. at 45. Plaintiffs'

---

There are no discrepancies between the initial and re-noticed papers. *Compare* Dkts. 12-14 *and* Dkts. 19-1, Ex. A; 22, 24.

[2] All page references refer to the page number as indicated in the stamp from the Court's electronic filing system.

1  counsel also stated that if Defendant proceeded with removing the case to federal Court,
2  Plaintiffs' counsel would be forced to file a motion to remand and seek attorneys' fees.
3  *Id*.
4        On December 16, 2025, Defendant Bristol Hospice removed the matter to the
5  Central District of California, Eastern Division, asserting diversity jurisdiction pursuant
6  to 28 U.S.C. §§ 1332 and 1441. *See* Dkt. 1. In the Notice of Removal, Defendant
7  acknowledges that the removal was untimely and asks the Court to waive the
8  untimeliness due to Defendant's counsel's excusable neglect in miscalculating the
9  deadline. *See id*. at 3.
10       On January 3, 2025, counsel for the parties met and conferred ahead of Plaintiffs
11 filing the present Motion to Remand. Akhaveissy Decl. ¶7. Plaintiffs' counsel asserts that
12 in that meeting, she explained to Defendant's counsel that numerous authorities have held
13 that a procedural defect, such as a late removal notice, is not curable, and Defendant has
14 no objectively reasonable basis for filing the removal, thus exposing Defendant Bristol
15 Hospice to an award of Plaintiffs' reasonable attorney's fees for bringing the motion to
16 remand. *Id*. Plaintiffs' counsel also provided Defendant's counsel supporting Ninth
17 Circuit authorities in an email. Dkt. 12-2, Ex. D, at 41. On January 14, 2025, Defendant's
18 counsel responded that the authorities were not on point to the issue and that Defendant
19 would oppose the motion to remand on grounds that the delay constitutes excusable
20 neglect. *Id*. at 39.
21       On January 15, 2025, Plaintiffs filed the present Motion to Remand to Superior
22 Court and Request for Reasonable Attorney's Fees and Costs. *See* Mot. On February 3,
23 2025, Defendant Bristol Hospice filed its Opposition to the Motion. Dkt. 13 ("Opp.").
24 Defendant's Opposition primarily relies on *Pioneer Inv. Servs. Co. v. Brunswick*
25 *Associates Ltd. P'ship*, 507 U.S. 380 (1993) to support its excusable neglect defense, and
26 opposes Plaintiffs' request for attorney's fees on the basis that the removal and
27 opposition are reasonable due to excusable neglect. *See generally id*. On February 10,
28 2025, Plaintiffs replied. Dkt. 14 ("Reply.") In March 2025, the parties re-noticed their

respective Motion, Opposition, and Reply after this case was transferred. *See* Dkts. 19, 22, 24.[3]

## II. Legal Standard

"The removal statute is strictly construed against removal," and "[t]he 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A defendant must remove within 30 days of being served with the initial complaint or, if the complaint does not provide a basis for jurisdiction, within 30 days of any "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The 30–day time limit prescribed by 28 U.S.C. § 1446(b) "'is mandatory' [such that] 'a timely objection to a late petition will defeat removal ....'" *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 n.4 (9th Cir. 2013) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)); *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007) ("If a notice of removal is filed after this thirty-day window, it is untimely and remand to state court is therefore appropriate.") The Supreme Court construes untimely removal as "precisely the type of removal defect contemplated by § 1447(c)." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995).

Pursuant to 28 U.S.C. § 1447(c), an order remanding a case may require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals

---

[3] As explained above, the Court cites to the initial Motion, Opposition, and Reply for clarity in page number references. *See* Dkts. 12-14.

sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress's basic decision to afford Defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id*. at 140.

### III.   Analysis

The parties do not dispute that Defendant Bristol Hospice filed its Notice of Removal three days late and therefore is untimely under 28 U.S.C. § 1446(b). *See generally* Mot. and Opp. The first issue before the Court is whether Defendant's calendaring error constitutes excusable neglect such that the Court should deny Plaintiffs' Motion to Remand. If the Court grants the Motion, the second issue is whether Defendant Bristol Hospice lacked an objectively reasonable basis for removal, in which Plaintiffs would be entitled to reasonable attorneys' fees under 28 U.S.C. § 1447(c).

### A.   Whether Defendant's Calendaring Error Constitutes Excusable Neglect Regarding Defendant's Untimely Removal

Defendant's counsel was served the Complaint and Summons on November 13, 2024. Akhaveissy Decl. ¶4; Dkt. 12-2 Ex. B at 25. Therefore, Defendant Bristol Hospice was required to file a notice of removal within 30 days. *See* 28 U.S.C. § 1446(b). Thus, Defendant's counsel erred when they calendared the deadline to file a notice of removal on December 16 instead of December 13, 2024. In its Notice of Removal, Defendant Bristol Hospice asserts that its counsel's calendaring error constitutes "excusable neglect." Dkt. 1 at 3. In its Opposition to the Motion, Defendant Bristol Hospice expands on this argument and asserts that the untimely removal constitutes "excusable neglect" under the four-factor equitable test developed by the Supreme Court in *Pioneer*, 507 U.S. 380. Opp. at 3-7. Defendant also analyzes the *Pioneer* factors applied by the Ninth Circuit in *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (*en banc*) to determine whether a late filing constitutes "excusable neglect." Opp. at 3-4, 6.

Several courts in this Circuit have rejected Defendant's argument and distinguished *Pioneer* from excusable neglect for untimely removals. For example, in *88 Int'l Inc. v. Hartford Ca. Ins. Co.*, the court explained:

> In *Pioneer Inv. Servs.*, the Supreme Court analyzed Federal Rule of Bankruptcy Procedure, Rule 9006 which empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline "was the result of excusable neglect." 507 U.S. at 382. Thus, *Pioneer* did not involve a notice of removal or a Rule 60(b)(1) motion, but rather a late filing of a proof of claim in bankruptcy court. *Id*. at 380. In holding that inadvertence, mistake, or carelessness could constitute "excusable neglect," the court was persuaded in part by the fact that the phrase "excusable neglect," as used in Rule 9006, is understood to be a somewhat "elastic concept." *Id*. at 381. By contrast, the Ninth Circuit's approach to the untimely filing of a notice of removal cannot be construed as "elastic." *See Fristoe*, 615 F.2d at 1212. There is no comparable "excusable neglect" provision under the removal statute, and courts in the Ninth Circuit uniformly hold that the 30–day time limit prescribed by 28 U.S.C. § 1446(b) is "mandatory," unless Plaintiff waives the defect or is estopped from asserting it. *Id*.

No. cv-12-099442-DMG-SHx, 2014 WL 12607693, at *2 (C.D. Cal. Mar. 17, 2014). *See also Jones v. Walmart*, No. 1:20-cv-00729-DAD-BAM, 2020 WL 8614081, at *2 (E.D. Cal. Sept. 8, 2020); *Gurrola v. Howard*, No.: 2:22-cv-01825-SB-JEM, 2022 WL 1617991, at *2 (C.D. Cal. May 21, 2022).

In addition, the court in *88 Int'l Inc.* also rejected reliance on *Pincay* in the context of untimely removals. 2014 WL 12607693, at *2. There, the court also explained:

> *Pincay v. Andrews*, 389 F.3d 853, is also distinguishable. Like *Pioneer*, *Pincay* did not involve a notice of removal or a Rule 60(b)(1) motion. *Pincay* centered on the timeliness of a notice of appeal and analyzed excusable neglect under Federal Rules of Appellate Procedure 4(a), which clearly states that a district court may grant an extension to file a notice of appeal upon a showing of "excusable neglect." *Id*. at 854.

2014 WL 12607693, at *2. This Court agrees with the Court's analysis in *88 Int'l Inc*. and adopts that reasoning here.

Similarly to *88 Int'l Inc*., the Court finds persuasive the reasoning in *DeMichele v. Loewen, Inc.*, No. C 12–00628 CRB, 2012 WL 1980828 (N.D. Cal. June 1, 2012). In *DeMichele*, the defendant filed a notice of removal two days late and sought relief for the

-6-

late filing under Rule 60(b)(1). *Id*. at *1. Like Defendant Bristol Hospice, the defendant in *DeMichele* argued that a mistake in calendaring, which caused the missed deadline, constituted "excusable neglect" under the *Pioneer* factors. *Id*. at *3. Because neither the parties nor the court was able to point to any case in which Rule 60(b) was applied to excuse an untimely removal petition under comparable circumstances, the *DeMichele* court granted the motion to remand. *Id*. Here, Defendant has not cited to any case in which a court has applied Federal Rule of Civil Procedure 6(b) to excuse an untimely removal. Therefore, the Court finds that Defendant has not met its burden to establish that its untimely removal was proper.

Accordingly, the Court **GRANTS** Plaintiffs' Motion to Remand. Dkts. 12, 19.

**B.     Whether Plaintiffs' Counsel is Entitled to Attorneys' Fees Under 28 U.S.C. § 1447(c)**

Plaintiffs seek attorneys' fees under 28 U.S.C. § 1447(c) on the basis that Defendant lacked an objectively reasonable basis for removal. Mot. at 5-6. Plaintiffs assert that Defendant knowingly filed the Motion past the statutory deadline, despite Plaintiffs' counsel stating it would not waive the procedural defect and warning Defendant that Plaintiffs would seek attorneys' fees. *Id*. Defendant opposes awarding attorneys' fees because "Defendants [*sic*] make this opposition in good faith, and based on the application of the accepted doctrine of excusable neglect." Opp. at 8.

"[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit[.]" *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Instead, "the test is whether the relevant case law clearly foreclosed the defendant's basis of removal." *Id*. at 1066 (citing *In Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007)).

The removal statute and the case law interpreting it are clear: the 30-day time limit for the filing of a notice of removal is mandatory. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding *shall* be filed within 30 days …") (italics added). The Ninth Circuit has been clear on the 30-day deadline for decades and

therefore is not a new question of law. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (the thirty-day time limit to file a notice of removal is a "formal and modal requirement" and "a timely objection to a late petition will defeat removal."); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 n.4 (9th Cir. 2013) ("Section 1446(b)'s 30-day 'time limit is mandatory [such that] a timely objection to a late petition will defeat removal…") (quoting *Fristoe*, 615 F.2d at 1212); *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007) ("If a notice of removal is filed after this thirty-day window, it is untimely and remand to state court is therefore appropriate.").

Likewise, district courts in this Circuit for decades have consistently reaffirmed that the 30-day time limit is strictly construed. *See 88 Int'l Inc.*, 2014 WL 12607693, at *2 ("[C]ourts in the Ninth Circuit uniformly hold that the 30-day time limit prescribed by 28 U.S.C. § 1446(b) is mandatory, unless [the] [p]laintiff waives the defect or is estopped from asserting it.") (internal quotation marks and citations omitted); *Dietrich v. Cooperstein*, No. C 94-4333 FMS, 1995 WL 59494, at *2 (N.D. Cal. Feb. 8, 1995) ("Literally dozens of federal courts have held that the time provisions of section 1446(b) are mandatory and must be strictly construed."); *DeMichele*, 2012 WL 1980828, at *1 (granting plaintiff's motion to remand while noting that no "excusable neglect" provision exists in the removal statute and that the time limit for removal is mandatory); *Lewis v. City of Fresno*, 627 F. Supp. 2d 1179, 1182 (E.D. Cal. 2008) ("The time limits [for removal petitions] cannot be extended by continuance or stipulation.").

Finally, as discussed in Section III(A), *supra*, courts in this Circuit have distinguished *Pioneer* and rejected the excusable neglect factions to untimely removals. *See 88 Int'l*, 2014 WL 12607693, at *1-2; *Jones*, 2020 WL 8614081, at *2; *Gurrola*, 2022 WL 1617991, at *2; *MG Star LLC v. AmGUARD Ins. Co.*, No. 1:23-cv-00560-JLT-EPG, 2023 WL 4488279, at *3 (E.D. Cal. July 12, 2023) ("The federal removal statute, in contrast [to other untimely filing deadlines based on *Pioneer*], does not include any provision that deadlines may be extended based on 'good cause' or 'excusable

neglect.'"), *report and recommendation adopted*, 2023 WL 5436008 (E.D. Cal. Aug. 23, 2023). Thus, it is crystal clear that a calendaring error does not constitute excusable neglect under *Pioneer* or Rule 6(b) to file an untimely notice of removal.

Under the unique facts presented in this case, the Court finds that Defendant Bristol Hospice lacked an objectively reasonable basis for removal. Plaintiffs sued Defendant in Superior Court and only brought state law claims. *See generally* Compl. Defendant filed a timely answer in the Superior Court but did not file a notice of removal, despite both having a 30-day deadline. Dkt 12-2, Ex. C at 28. Defendant's counsel conceded to Plaintiffs that Defendant missed the deadline and asked Plaintiffs if they would stipulate to waiving the defect. Plaintiffs said no. *Id*. Ex. D at 45. Plaintiffs also said that if Defendant went forward with the untimely removal, Plaintiffs would file a motion to remand and seek attorneys' fees. *Id*. Defendant Bristol Hospice then knowingly filed an untimely removal three days after the statutory deadline, and against the overwhelming weight of clearly established caselaw strictly construing the 30-day deadline. Defendant's Notice of Removal does not cite a single rule or case holding that excusable neglect applies to untimely removals. *See* Dkt. 1.

In addition, during meet and confer discussions, Plaintiffs' counsel presented Defendant's counsel with relevant and binding Ninth Circuit caselaw strictly construing the 30-day deadline. *Id*. at 41. Plaintiffs' counsel asked whether Defendant would stipulate to remand. *Id*. Defendant's counsel responded that the caselaw presented did not address the specific issue about inadvertently calendaring the incorrect removal deadline. *Id*. at 39. In its opposition to the Motion, Defendant Bristol Hospice now invokes Federal Rule of Civil Procedure 6(b)(1)(B), which allows a court to extend a deadline if a party makes a request before the deadline expires or upon a motion—neither of which Defendant Bristol Hospice sought here. *See* Opp. at 3.

Furthermore, there is clearly established caselaw in and outside of this district that rejects attempts to apply Rule 6(b) to untimely removals. Indeed, Defendant's case-in-chief that excusable neglect applies to untimely removals is *Pioneer*, but several courts

over the past decade have rejected applying *Pioneer* outside its bankruptcy origins and into the removal context. *See 88 Int'l Inc*, 2014 WL 12607693, at *1-2; *Jones*, 2020 WL 8614081, at *2; *MG Star LLC*, 2023 WL 4488279, at *3; *Gurrola*, 2022 WL 1617991, at *2. Moreover, Defendant Bristol Hospice's reliance on *Pioneer* is questionable, particularly in light of Defendant citing *88 Int'l Inc.* in its Opposition. Mot. at 3. The court in *88 Int'l Inc.* noted that the defendant's reliance on *Pioneer* was "misplaced" and granted the motion to remand where removal was filed three days—the same amount of days Defendant's removal was late. 2014 WL 12607693, at *1. Therefore, Defendant's counsel was undoubtedly aware that its reliance on *Pioneer* too was misplaced, yet proceeded to oppose Plaintiffs' Motion on this basis.

      It is against this backdrop of facts in which the Court finds that Defendant Bristol Hospice lacked a reasonable basis for removal. Thus, Plaintiffs are entitled to reasonable attorneys' fees and costs in opposing removal *and* seeking remand. *See Albion Pac. Prop. Resources, LLC v. Seligman*, 329 F.Supp.2d 1163, 1164 (N.D. Cal. 2004) (awarding $22,956.35 in attorneys' fees and costs incurred while filing a motion to remand on the basis that removal was untimely).

      Plaintiffs seek $6,069.00 in attorneys' fees based on a $595 hourly rate. Mot. at 6; Akhaveissy Decl. ¶¶9-10. Plaintiffs' counsel arrives at this amount on the basis that counsel spent 6.2 hours on drafting the Motion to Remand and supporting documents, and expected to spend 3.5 hours drafting a reply to Defendant's opposition, and 0.5 hours attending the motion to remand hearing. *Id*. Plaintiffs' Reply repeats the request for $6,069.00 in attorneys' fees. Reply at 6. The Court finds that the fees sought are just and reasonable. *See McMaster v. Coca-Cola Bottling Co. of California*, 392 F.Supp.2d 1107, 1115-16 (N.D. Cal. 2005) (awarding $6,315.00 in attorneys' fees in connection with remand where removal was wrong as a matter of law, despite defendant's "fairly supportable" arguments); *Ansley v. Ameriquest Mortg. Co.*, 194 F. Supp. 2d 1062 (C.D. Cal. 2002), *aff'd*, 340 F.3d 858 (9th Cir. 2003) (granting plaintiff's motion to remand and awarding $3,600 in attorneys' fees because defendant could cite no authority for its

position). Because the Court did not conduct a hearing on the motion, the Court reduces 0.5 hours, or $297.50, from the requested fee award.

Accordingly, the Court **GRANTS** Plaintiffs a fee award in the amount of $5,771.50.

## IV.   Conclusion

The Court, having considered Plaintiffs' Motion to Remand, Defendant's Opposition, and Plaintiffs' Reply, hereby **GRANTS IN PART** the Motion and **ORDERS** as follows:

1. The case is hereby **REMANDED** to the Riverside County Superior Court; and

2. Defendant Bristol Hospice is **ORDERED** to pay to counsel for Plaintiff the sum of $5,771.50.

**IT IS SO ORDERED.**

Dated: September 16, 2025

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE